IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROLAND STEVEN KRAMER, SR., )
                          )
    Plaintiff,             )
                          )
        vs.                )    Civil Action No. 11-699
                          )
MICHAEL J. ASTRUE,         )
Commissioner of Social Security, )
                          )
    Defendant.             )

**MEMORANDUM OPINION**

Pending before the Court is Defendant's motion to dismiss this matter in its entirety. (Doc. No. 6.) For the reasons discussed below, the motion is granted.

I.  **BACKGROUND**

On May 25, 2011, acting *pro se*, Plaintiff Roland Steven Kramer, Sr., filed a motion to proceed *in forma pauperis*. The motion was granted and his complaint against the Commissioner of Social Security was duly filed the same day.[1]

On August 8, 2011, the Commissioner filed a motion to dismiss the complaint, based on the fact that Mr. Kramer had failed to initiate a civil action in a timely manner after his applications for disability insurance benefits and supplemental security income

---

[1] The Court has jurisdiction over this matter by virtue of 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g)) which provides that an individual may obtain judicial review of any final decision of the Commissioner by bringing a civil action in the district court of the United States for the judicial district in which the plaintiff resides.

benefits had been denied by the Social Security Appeals Council. Specifically, Defendant argued that Mr. Kramer had been informed by the Appeals Council of the denials by letter dated March 2, 2011, but had not filed suit until May 25, 2011, some 19 days after the statutory period in which to file such an appeal had elapsed.[2] Moreover, the Commissioner argued, this case presented no circumstances which would justify equitable tolling of the 60-day filing requirement.

Mr. Kramer was directed on August 16, 2011, to file a brief in opposition to the motion to dismiss no later than September 2. (Doc. No. 9.) When that deadline passed without a response, the Court issued another order, in light of his *pro se* status, giving Mr. Kramer a second opportunity to submit a brief by September 23, 2011. In the same order, Plaintiff was admonished that failure to do so would result in dismissal of his case. (Doc. No. 10.)

On September 26, 2011, Plaintiff filed a motion for extension of the period in which to respond, advising the Court that he had been hospitalized for more than two months and was, at the time, in a nursing home. His "legal representative advisor," Vickie Lynn

---

[2] For purposes of computing the last date on which an appeal must be filed in federal court, Social Security regulations further provide that "the date of receipt of notice of denial . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Therefore, an appeal must be filed on or before the 65th day following the date of the denial letter.

Nagle, had not been made aware of these circumstances and therefore had not taken any action.[3] Based on these assertions, the Court extended the period in which he was to file his response until October 18, 2011. (Doc. No. 12.)

In Mr. Kramer's response, he states that he had taken all the necessary steps to advise the Social Security Administration of a change in the mailing address he had previously provided. In fact, Ms. Nagle, on his behalf, had taken the initiative to call the Social Security Administration and inform it of his change of address as well as her own. (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, Doc. No. 13, "Plf.'s Brief," at 1.) By the time the denial letter was received at Mr. Kramer's new address, however, he was hospitalized in a coma. Only after Plaintiff's daughter located Ms. Nagle and gave her a copy of the notice was the civil action filed in this Court. (Id. at 1-2.) Thus, Plaintiff argues, he has established good cause why his suit was not filed within the 60-day period and should be allowed to proceed.

## II. DISCUSSION

The question of whether or not a plaintiff has timely filed his appeal from an adverse decision by the Social Security Administration is a question of subject matter jurisdiction. Garcia v. Comm'r of

---

[3] Ms. Nagle is described elsewhere as a "non-attorney representative" who appeared with Mr. Kramer at the hearing before the Administrative Law Judge on May 6, 2010. (See Def.'s Brief, Jones Decl., Exh. 1 at 4.)

Soc. Sec., No. 02-1959, 2002 U.S. App. LEXIS 25415, * 3 (3d Cir. Nov. 6, 2002). The Court has reviewed a declaration of James Jones[4] and the attachments thereto, submitted in support of the Defendant's brief. The evidence shows that the notice of an unfavorable decision by the Administrative Law Judge was sent to a post office box number in Carnegie, Pennsylvania, on June 24, 2010, with a copy to Ms. Nagle at the same address. (Defendant's Brief in Support of his Motion to Dismiss Plaintiff's Complaint, Doc. No. 7, "Def.'s Brief," Declaration of James Jones, "Jones Decl.," Exh. 1.) Mr. Kramer does not contend that he failed to receive this notice and, in fact, we may safely assume he did because he filed a request for review with the Social Security Administration Appeals Council, apparently in a timely manner.

The March 2, 2011 notice from the Appeals Council denying his request for review is also attached to the motion to dismiss. It was mailed to Mr. Kramer at the same post office box in Carnegie, with a copy to Ms. Nagle at a street address on Washington Road in Pittsburgh, Pennsylvania. (Jones Decl., Exh. 2.) This is the same address Plaintiff identifies in his brief in opposition to the motion as Ms. Nagle's new address. Thus, it appears Plaintiff's assertion in his brief that Ms. Nagle's copy of the denial letter was also

---

[4] Mr. Jones is the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review for the Social Security Administration. His declaration is made under penalty of perjury.

4

misaddressed is incorrect.

Ms. Nagle's signature appears on Plaintiff's brief in opposition, but she does not provide an affidavit or indicate in any other way that she did not receive the notice from the Appeals Council in a timely manner.  Mr. Kramer and Ms. Nagle do not provide the date(s) on which they eventually received the notice.  Furthermore, the denial notice explicitly advised the recipients, "If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file."  There is no evidence that Plaintiff or Ms. Nagle advised the Social Security Administration that receipt of the notice had been delayed or requested such an extension.

As Defendant points out in his brief, the procedures for judicial review of final decisions by the Social Security Administration require a claimant who has been denied benefits to file suit in the appropriate federal court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow."  42 U.S.C. § 405(g).  The Commissioner is authorized to extend this period for good cause shown, as are the federal courts.  However, in the latter case, the court should generally defer to the agency's judgment as to whether such good cause has been established.  (Def.'s Brief at 4-5.)

The United States Supreme Court has acknowledged that the 60-day appeals period provision constitutes a statute of limitations.  *See*

Bowen v. City of New York, 476 U.S. 467, 478 (1986). In addition, the United States Court of Appeals for the Third Circuit has applied the general rules regarding equitable tolling of a statute of limitations in the context of a Social Security appeal. See Cardyn v. Comm'r of Soc. Sec., No. 02-4147, 2003 U.S. App. LEXIS 9653, *8 (3d Cir. May 20, 2003). As summarized in Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994), the "three principal situations in which equitable tolling may be appropriate [are]: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Cardyn, id. The plaintiff bears the burden of convincing the court that one of these three exceptions applies. Id., *citing* Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir. 1997).

Plaintiff does not argue that the first and third Oshiver situations are applicable, and he has failed to rebut the presumption of timely receipt of the notice, i.e., that he was prevented from asserting his rights "in some extraordinary way." See Garcia, 2002 U.S. App. LEXIS 25415 at *7 (affirming district court's dismissal of plaintiff's untimely filed complaint where plaintiff had not rebutted the presumption that he had received the Appeals Council's

notice of denial within five days after it was dated and mailed.) Because Plaintiff's complaint was not filed within the required period and because he has failed to persuade the Court that this is one of the rare occasions in which equitable tolling should be applied, this Court does not have subject matter jurisdiction over his appeal and Defendant's motion to dismiss is therefore granted. An appropriate Order follows.

_____
William L. Standish
United States District Judge